JAMES R. MCGREEVY, ADMINISTRATOR OF THE ESTATE OF AMY R. RICH, APPELLEE, v. RALPH R. BREMERS, APPELLANT, IMPLEADED WITH GENERAL INSURANCE COMPANY OF AMERICA, A CORPORATION, APPELLEE.

259 N. W. 2d 477

Filed November 16, 1977. No. 41189.

Clayton H. Shrout of Shrout, Christian, Krieger, Mori & Merwald, for appellant.

Harold W. Kauffman of Gross, Welch, Vinardi, Kauffman & Day and James R. McGreevy, for appellee McGreevy.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. J.

This appeal arises out of an action filed by the plaintiff, James R. McGreevy, administrator of the estate of Amy R. Rich, deceased, against the defendant, Ralph R. Bremers, guardian of the estate of Amy R. Rich, and General Insurance Company of America, the surety on defendant Bremers' guardianship bond, to recover a surcharge entered on final accounting in the guardianship proceedings by the county court of Douglas County.

The background to this appeal is as follows: De-

fendant Bremers was appointed administrator of the estate of Amy R. Rich, deceased, by the county court of Douglas County on April 27, 1972. On December 13, 1973, Bremers was ordered by that court to appear and show cause why he should not be removed as the administrator of the estate. A hearing was held on December 28, 1973, and on January 2, 1974, Bremers was removed by the Douglas County court as administrator of the estate of Amy R. Rich, deceased, and plaintiff was appointed in his place.

Bremers is the duly appointed guardian of the estate of Amy R. Rich, incompetent. On January 22, 1975, the Douglas County court entered an order finding that Bremers, as guardian, was liable to the plaintiff, as administrator of the estate of Amy R. Rich, on his guardian's account in the amount of $25,344.67, as a surcharge. Bremers attempted to appeal from the order of final accounting by the Douglas County court, but both his appeals to the District Court for Douglas County and to this court were dismissed.

Following the failure of Bremers and General Insurance Company of America, his surety, after due demand to pay the amount of the surcharge, the plaintiff sought and received permission of the Douglas County court to initiate an action against Bremers and his surety for the amount of the surcharge.

Suit was filed on November 21, 1975, in the District Court for Douglas County. General Insurance Company of America voluntarily appeared and filed a counterclaim against Bremers. On February 27, 1976, Bremers filed his answer. In it he alleged that his appeals from the guardianship proceedings had been improperly dismissed and that as a result he had been denied due process of law in connection therewith.

Both the plaintiff and General Insurance Company of America filed motions for summary judgment.

On June 11, 1976, Bremers filed an amended answer in which he repeated his due process claim regarding the guardianship proceedings and also further alleged that he had been denied due process of law in connection with his activities as administrator of the estate of Amy R. Rich, deceased, and also in connection with the estate of Frank Rich, deceased. Bremers also filed a motion for summary judgment contending that the dismissal of his appeals from the Douglas County court's surcharging of his guardianship account was void.

On September 13, 1976, the District Court denied all three motions for summary judgment and held that Bremers was entitled to a hearing on the question of whether he had been denied due process of law in regard to the Douglas County court proceedings concerning the estate of Amy R. Rich, deceased, as alleged by Bremers in paragraph IV (a-e) of his amended answer.

The case was set for trial on November 4, 1976. On October 29, 1976, Bremers filed a motion for a jury trial on the issue of "whether or not he was afforded due process in the Douglas County Court Proceedings in the matter of his professional activities in the Guardianship and Estate proceedings of Amy R. Rich * * *."

Bremers' motion for a jury trial was denied and on November 4, 1976, the case was called for trial. Bremers refused to adduce evidence. The plaintiff introduced evidence and the case was taken under advisement. On November 24, 1976, the District Court reaffirmed its ruling of November 4th, denying Bremers a jury trial and found for the plaintiff. Bremers has appealed. We affirm the judgment of the District Court.

The sole assignment of error by Bremers is that the District Court erred in overruling his motion for a jury trial. This motion asked for a jury trial upon the issue of whether or not Bremers had been af-

forded due process in various Douglas County court proceedings concerning his activities in the guardianship and estate proceedings of Amy R. Rich.

The concept of due process of law is a nebulous one. Due process is not a fixed, inflexible procedure which must be accorded in every situation. The requirements of due process vary with the circumstances involved. Stauffer v. Weedlun, 188 Neb. 105, 195 N. W. 2d 218 (1972); Baker v. Downey City Board of Education, 307 F. Supp. 517 (D. C. Cal., 1969).

Given the nature of due process of law, the determination of whether an individual, under a given set of circumstances, has been afforded due process of law is a determination for the court, and not one within the province of a jury. As stated in Douglas v. City of Jeannette, 130 F. 2d 652 (3d Cir., 1942): "It must, therefore, be concluded that, except for cases involving purely procedural due process, it is not facing reality to say that the want of due process of law is a question of fact. On the contrary, it is, as we have seen, a legal or, more accurately, a philosophical concept as to the extent to which the state, in the exercise of its sovereign power, should be permitted to deprive individuals within its jurisdiction of their lives, liberty or property. Its application to the facts of a particular case is purely a matter of judgment and therefore is solely a question of law." See, also, 16A C. J. S., Constitutional Law, § 569 (1), p. 566. The District Court correctly denied Bremers' motion for a jury trial.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.