STATE OF NEBRASKA, APPELLEE, V. STEPHEN M. MATEJKA, APPELLANT.

183 N. W. 2d 917

Filed February 19, 1971. No. 37625.

Warren C. Schrempp and O. William Von Seggern of Schrempp, Rosenthal & Bruckner, for appellant.

Herbert M. Fitle, Gary P. Bucchino, Kent H. Whinnery, John Gutowski, Ray Gaines, Theodore Carlson, Richard Dunning, Joseph Troia, and J. Patrick Mullin, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

The defendant was charged with willful reckless driving as defined by section 39-7,107.02, R. R. S. 1943. The jury returned a verdict of guilty and defendant has appealed to this court.

On August 1, 1969, at 4:40 a.m., the Omaha police were informed by a resident at 3634 Monroe Street that an automobile was parked at that point with its tail-

lights blinking and motor running without the observance of anyone in or about the car. A police cruiser responded at about 4:50 a.m. Defendant was asleep in the car. He was awakened and identified and, according to the two investigating policemen, was told to go home. Conversations between the police and defendant ensued during the course of which defendant ran to his car and took off at a high speed. The police gave chase and upon failure to stop the defendant after pursuing him in the area, defendant went south across the Douglas-Sarpy County line and gave himself up to a LaVista policeman.

The two policemen testified that after conversing with defendant he indicated no willingness to go home, that he jumped in his car and sped away, and that defendant refused to stop and evaded them until he crossed the county line in Sarpy County. They testified that defendant drove at speeds in excess of 60 miles per hour within the city of Omaha and ran 11 stop signs during the pursuit. The defendant testified that he was threatened with physical assault by the two policemen and that he sped away in fear of physical harm by the two investigating policemen. The evidence on the above events was conflicting, but the foregoing statement of the issues is sufficient for the purposes of this opinion.

The complaint in the case originally charged the defendant with willful reckless driving on August 1, 1969, at or near 71st and Cornhusker Drive at approximately 5:16 a.m., in Douglas County and within the corporate limits of the city of Omaha. At the close of the State's evidence, defendant moved for a dismissal on the ground that 71st and Cornhusker Drive was shown to be in Sarpy County and outside the corporate limits of the city of Omaha. The evidence shows that the words "at or near 71st and Cornhusker Drive" had been stricken from the complaint during the course of the trial. Defendant contended that the amended complaint was too indefinite and nebulous to sustain a conviction. The

motion for dismissal was overruled by the trial court. The ruling was correct. It is a general rule that where the elements of a crime or offense are set out in an information or complaint, the information or complaint is sufficient. Pauli v. State, 151 Neb. 385, 37 N. W. 2d 717; May v. State, 153 Neb. 369, 44 N. W. 2d 636. Where words appear in an information or complaint which might be stricken out, leaving an offense sufficiently charged, and such words do not tend to negative any of the essential averments therein, they may be treated as surplusage, and be entirely rejected. Hase v. State, 74 Neb. 493, 105 N. W. 253; Frank v. State, 150 Neb. 745, 35 N. W. 2d 816.

The defendant testified that the officers, when they first contacted him, made threats and stated they would "kick the hell" out of him. He claims he fled in fear of bodily harm at the hands of these officers. The officers deny the statements of the defendant. In any event, the police pursued the defendant into Sarpy County. They denied striking the defendant or threatening him in any way at any time. The defendant attempted to impeach the evidence of the officers by the evidence of one or more officers of LaVista and Sarpy County. Objections by the State were sustained and defendant offered to show by an officer of the LaVista police that the officers verbally abused the defendant, kicked him at least six times, threw him into a road ditch, and subsequently approached the LaVista police in an attempt to obtain a mitigation of the effect of their testimony. The evidence should have been admitted for two primary reasons: To impeach the Omaha officers and to show bias and prejudice against the defendant and as corroboration of the fear of bodily harm with which the defendant claims to have been instilled by their conduct. While the State was required to prove the act charged as occurring in the city of Omaha, questions of intent, prejudice, or other misconduct are not necessarily walled in by city limits or county lines. The acts of

the Omaha officers, if true, were a part of the whole incident or transaction and had a bearing on the defense asserted by the defendant. The trial court was in error in not admitting the proffered evidence for consideration of the jury.

The defendant assigns as error the failure of the trial court to instruct the jury on the theory of the defense. There is nothing in the instructions regarding the defense or the necessary elements of such a defense. Instructions were requested and refused which sought to have the theory of the defense submitted to the jury. This was prejudicial error. It is the duty of the court upon request of the accused to instruct the jury upon his theory of the case, if there is evidence to support it. Franz v. State, 156 Neb. 587, 57 N. W. 2d 139. See, also, State v. May, 174 Neb. 717, 119 N. W. 2d 307.

For the reasons stated, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.