STATE OF NEBRASKA, APPELLEE, v. ALAN REINERT, APPELLANT.
248 N. W. 2d 782
Filed January 12, 1977. No. 40852.

Norris G. Leamer, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

Defendant was found guilty of breaking and entering an automobile. On appeal he assigns error in the giving of an instruction, in permitting cross-examination on matters foreign to the direct examination, and in regard to questions relating to defendant's past criminal record, and asserts that the verdict is not sustained by the evidence. The judgment of the District Court is affirmed.

The instruction objected to cautioned the jury in regard to partiality against the defendant on the part of police officers when testifying. The accused is not entitled to such an instruction where the witnesses against him are regular public law enforcement officers and the instruction should not have been given. The instruction was beneficial to the defendant and the error is harmless. See State v. Gurule, 194 Neb. 618, 234 N. W. 2d 603.

Regarding the cross-examination of the defendant's witnesses, a careful perusal of the record fails to reveal any abuse of discretion. "The rule is well established in this jurisdiction that the scope of cross-examination of a witness rests largely in the discretion of the trial court and its ruling will be upheld on appeal unless there is an abuse of discretion." State v. Lytle, 194 Neb. 353, 231 N. W. 2d 681.

The defendant testified and on direct examination was asked if he had ever been convicted of a felony and admitted that he had. He was asked on cross-examination if he was currently serving time for that felony. Later he was asked: "You're sitting here telling me that you have never taken a C.B. radio out of a vehicle before?" Both questions were promptly objected to. The objections were sustained.

It is settled law that a witness may be impeached by showing his conviction of a felony. See State v. Kirby, 185 Neb. 240, 175 N. W. 2d 87. The question regarding his present incarceration for the admitted felony, although improper, was not prejudicial as it added no additional detrimental information. The objection to it was sustained and the jury cautioned to disregard it. The question about a previous theft of a C.B. radio was also barred by the court. It dealt with an offense similar to the one with which the defendant was on trial and in view of the sustaining of the objection thereto, it could not have been prejudicial. Furthermore, in the instructions, the jury was instructed not to consider any evidence which was offered and rejected.

The record discloses evidence of police officers to the effect that the defendant was seen entering the locked automobile and that he was apprehended while in the automobile removing a C.B. radio which had been disconnected and was lying on the floor. Two other young men were with the defendant and they gave written statements corroborating the testimony of the officers. Both later verbally said that one of them, rather than

the defendant, entered the automobile and one so testified. The breaking and entering and the attempted theft were never denied by any of them. The credibility question was for the jury and if the evidence of the State was believed, it amply sustained the verdict.

The judgment is affirmed.

AFFIRMED.