STATE OF NEBRASKA, APPELLEE, V.
TIM THADEN, APPELLANT.

316 N.W.2d 317

Filed February 19, 1982. No. 44418.

Dennis R. Keefe, Lancaster County Public Defender, and Richard L. Goos for appellant.

Paul L. Douglas, Attorney General, and Frank J. Hutfless for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

According to a jury verdict filed on December 5, 1980, the defendant, Tim Thaden, was found guilty by the District Court for Lancaster County of the May 20, 1980, first degree forcible sexual assault of a 17-year-old Lincoln woman. He was sentenced to a term of imprisonment in an institution under the jurisdiction of the Department of Correctional Services for a term of not less than 2 nor more than 5 years. He has appealed from that conviction and sentence, contending specifically that the trial court unduly and prejudicially limited his right of cross-examination of the prosecutrix, and generally that the evidence was insufficient upon which a jury could have found him guilty. We reverse and remand for a new trial.

We consider first the claimed insufficiency of the evidence. There is no question but that the defendant had sexual intercourse with the prosecutrix. This occurred at his residence in Lincoln where he had taken the prosecutrix after having picked her up in his automobile as a hitchhiker. The only question for the jury to determine was whether the activity was consensual on the part of the prosecutrix or as the result of force practiced by the defendant. Assuming that no relevant evidence was withheld improperly from the jury, that which was adduced was sufficient to support the jury's

verdict. It was simply a question of fact as to whether to believe the prosecutrix or the defendant. The defendant practically concedes this point in his brief. In a criminal case, this court will not interfere on appeal with a jury's verdict of guilty based upon evidence unless it is so lacking in probative force that it can be said that as a matter of law the evidence is insufficient to support a verdict of guilty beyond a reasonable doubt. *State v. Eynon*, 197 Neb. 734, 250 N.W.2d 658 (1977). There is no merit to this claimed error.

Defendant's other argument presents a more difficult problem. As earlier stated, the only issue in this case involved the credibility of the two principals. Therefore, evidence which might cast some doubt upon the believability of the prosecutrix' testimony was of critical importance to the defense.

A pretrial hearing was held on the State's motion in limine, seeking to prevent inquiry by the defense into the prior sexual activity of the prosecutrix. At that hearing the defense learned from the prosecutrix that from approximately April of 1979, when she was living at the Youth Service System Group Home, to the time of the hearing on December 1, 1980, she had lived at approximately seven different addresses. The prosecutrix also testified that the day following the alleged assault, or on the 21st day of May 1980, she moved out of the residence in which she was then living, and then moved three more times up until the time of the hearing.

At the conclusion of the hearing, the court ruled to permit certain testimony as to the prior sexual activities of the prosecutrix. Then, as to evidence of her various residences, the trial court at first stated: "First of all, she talks about the various places she's lived. I'm going to permit you to spend just a little time on that, because I think its [sic] foundational for her relationships, but don't spend a lot of time on it." The prosecuting attorney then challenged the relevance of that testimony, after which the trial judge reversed himself. "I'm going to exclude it. I think it's pretty insignificant."

The defense attorney then stated: "Your honor, I think it goes to her credibility. We all sat here and listened to her testify that she can't even remember all the addresses she's lived at, or dates or anything else." To which the judge answered: "You have my ruling." The prosecuting attorney then moved in limine to exclude any evidence that the prosecutrix had ever lived at the Youth Service System Group Home. When questioned by the court, the defense attorney replied: "Well, I guess in light of the order preventing me from going into any other addresses, maybe it's already covered by that order." The court replied: "I'll grant the motion. There should be no reference to that, and I think it's already covered . . . ."

At the actual trial of the case, during the direct examination of the prosecutrix, the following questions and answers appear in the record: "Q. Do you remember what day of the week May 20th, 1980, was? A. It was a Tuesday. Q. Do you recall what you did the next day, on Wednesday? A. Yes, I immediately moved from Ginny and Mike's. Q. Had you planned on moving from their house on that day? A. No. Q. Why did you move then on Wednesday the 21st? A. Because Tim Thaden had told me that he was going to return on Wednesday, the 21st, to see me at 5:00, and I was moved out by 4:30, so I wouldn't be there for when he did return." No objection was made to these questions and answers by the defense.

However, at a recess during the course of cross-examination of the prosecutrix, the defense attorney made the following statement at a hearing in camera: "The first offer of proof I would like to make is as to the various residences of [the prosecutrix]. I would submit that if she were allowed to testify as to her various residences, that she would, if asked the questions that were asked at the in camera hearing this morning, testify as she did in the in camera hearing this morning concerning her residences." The court then asked: "What is the purpose? What are you trying to show by

that?" To which defense counsel replied: "Your Honor, what I'm trying to show by that is that the impression that could be left with the jury that she moved from the premises where she lived on May 20, 1980, because of fear of the defendant, ought to be weighed against the general instability of her residences between May 20th and the present." The objections of the prosecution were that the testimony of prosecutrix at trial was direct evidence that she moved out of fear, and that the jury should not be permitted to draw an inference to the contrary based on her various moves. The court responded by saying, "Well, the ruling will stand. The offer and objection are noted, and the ruling stands as the Court ruled this morning." The defense counsel, during the balance of cross-examination, made no attempt to ask the prohibited questions.

During the opening portion of the State's closing argument the prosecuting attorney stated: "Now, when the defendant had left [the prosecutrix] out at 1801 South 27th, he stated that he wouldn't come in at this time, but they discussed the possibility of him coming back the next day. . . . So what does [the prosecutrix] do the next day? . . . She moved. She got out of 1801 South 27th Street, unplanned. She was planning to stay until the end of the month. She packed up her things and left . . . ."

During the closing portion of the prosecution's statement, the county attorney stated again: "The fact that [the prosecutrix] moved the next day is corroboration for her side of the story. The defendant's been able to offer no explanation as to why she would suddenly move unexpectedly away like this. She moved because she had been raped, and she was afraid of him. . . . And I'm telling you things that there's no controversy on. These are items in evidence that there's just basically no dispute as to, and they corroborate [the prosecutrix'] version of the facts."

The defendant contends he was denied his constitutional right of confrontation by the trial court's

ruling prohibiting the defense from adducing, on cross-examination, evidence pertaining to the many moves of the prosecutrix, while permitting the State to comment on the "uncontroverted" fact that she moved the day following the alleged rape out of fear. We agree. As stated in *Dutton v. Evans*, 400 U.S. 74, 79, 91 S. Ct. 210, 27 L. Ed. 2d 213 (1970): "[T]his Court has squarely held that 'the Sixth Amendment's right of an accused to confront the witnesses against him is . . . a fundamental right . . . made obligatory on the States by the Fourteenth Amendment.'"

Furthermore, we note that "[t]he right of cross-examination is more than a desirable rule of trial procedure. It is implicit in the constitutional right of confrontation, and helps assure the 'accuracy of the truth-determining process.' . . . It is, indeed, 'an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal.'" *Chambers v. Mississippi*, 410 U.S. 284, 295, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1972).

Finally, we recognize that "[t]he right of a defendant to engage in a searching and wide-ranging cross-examination is an essential requirement for a fair trial." *United States v. Jones*, 557 F.2d 1237, 1238 (8th Cir. 1977).

With regard to a party's right of cross-examination, we have noted in the past that "cross-examination is proper as to anything tending to affect the accuracy, veracity, or credibility of the witness" and "anything within the knowledge of a witness tending to rebut evidence given on direct examination is admissible as a matter of right on cross-examination." *Scofield v. Haskell*, 180 Neb. 324, 328, 142 N.W.2d 597, 601 (1966).

The court is well aware that "'[t]he rule is well established in this jurisdiction that the scope of cross-examination of a witness rests largely in the discretion of the trial court and its ruling will be upheld on appeal unless there is an abuse of discretion.'" *State v. Reinert*, 197 Neb. 379, 380, 248 N.W.2d 782, 783 (1977). How-

ever, in view of the final argument made by the prosecuting attorney, we believe that the restriction upon the defendant in his cross-examination of the prosecutrix was unreasonable, an abuse of discretion, and constituted prejudicial error.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.