STATE OF NEBRASKA, APPELLEE, V. ROBERT R. VENABLE,
APPELLANT.
444 N.W.2d 907

Filed September 1, 1989.    No. 88-394.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns for appellant.

Robert M. Spire, Attorney General, and Steven J. Moeller for appellee.

HASTINGS, C.J., WHITE, and FAHRNBRUCH, JJ., and FUHRMAN and WHITEHEAD, D. JJ.

FUHRMAN, D.J.

Robert R. Venable, convicted by a jury of robbery, was sentenced to serve a term of 16 2/3 to 50 years. Venable appeals, claiming the court erred in failing to grant a mistrial because the prosecution used a peremptory challenge to strike one of the only two black prospective jurors and in allowing the prosecutor to ask his rebuttal witness if she had been convicted of a felony. We affirm.

After the voir dire of the jury, the prosecution used a peremptory challenge to dismiss Calvin Brye as a prospective juror. Defense counsel moved for a mistrial based on the prosecution's dismissal of one of two black prospective jurors. The other black juror was left on the panel. The prosecutor gave three reasons for the dismissal. First, Brye's address was in the same general area as the address to which the car in which some of the stolen merchandise was found was registered. Second, in the experience of the prosecutor, persons in Brye's type of work (social services) were generally not sympathetic to the State's position, and the prosecutor generally excluded all persons in this type of work. Third, a law clerk with the prosecutor's office, who had been watching the proceedings and who had been identified as an acquaintance of another prospective juror, told the prosecutor he knew Brye, but Brye did not mention knowing the law clerk. The defense counsel objected to the court's considering the third reason because it was based on hearsay, but the judge overruled the objection.

The judge overruled the defense's motion for mistrial, saying:

> The State did come forward with several reasons why it struck Mr. Brye from the venire persons who had been chosen as perspective [sic] jurors. Had Mr. Ashford [the prosecutor] struck the other black member of the jury I would have no hesitancy of sustaining your Motion, Mr. O'Connor [defense counsel]. . . .
>
> . . . .
>
> . . . Christina King, who is black, remains a member of the jruy [sic]; and absent of showing that Mr. Ashford's striking of Mr. Brye was racially motivated I'm going to overrule your Motion at this time.

Although a criminal defendant has no right to a petit jury composed in whole or in part of persons of her or his own race, *Strauder v. West Virginia*, 100 U.S. 303, 25 L. Ed. 664 (1879), the equal protection clause of U.S. Const. amend. XIV bars a prosecutor from challenging potential jurors "solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant." *Batson v. Kentucky*, 476 U.S. 79, 89, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986). In so holding, *Batson* overturned the evidentiary standard contained in *Swain v. Alabama*, 380 U.S. 202, 85 S. Ct. 824, 13 L. Ed. 2d 759 (1965), which required a showing of systematic exclusion of black jurors over time, and established a new multistep standard of proof for showing discrimination in the jury selection process. In order to make a prima facie case of discrimination in the selection of a jury, a criminal defendant must show that (1) she or he is a member of a cognizable racial group, (2) the prosecutor used peremptory challenges to remove members of the defendant's race from the venire, and (3) the facts and other relevant circumstances give rise to an inference that the prosecutor used those challenges to exclude potential jurors because of their race. Once the defendant has made a prima facie case, the burden shifts to the State to provide a neutral explanation for the challenges related to the particular case to be tried. The explanation need not rise to the level of a challenge for cause, but neither may the prosecutor rebut defendant's prima facie case by stating that potential jurors were struck based on the intuitive judgment that they would be partial to defendant because of their shared race. *Batson v. Kentucky, supra; State v. Walton*, 227 Neb. 559, 418 N.W.2d 589 (1988); *State v. Alvarado*, 226 Neb. 195, 410 N.W.2d 118 (1987); *State v. Threet*, 225 Neb. 682, 407 N.W.2d 766 (1987); *State v. Rowe*, 228 Neb. 663, 423 N.W.2d 782 (1988); *State v. Brockman*, 231 Neb. 982, 439 N.W.2d 84 (1989).

By asking the State to articulate its reason for questioned strikes, a trial court implicitly finds a criminal defendant has met her or his burden of proving a prima facie case of discrimination in the selection of a jury. The trial court's

findings that there was no discrimination in the selection of a jury are not to be reversed on appeal unless clearly erroneous. *State v. Rowe, supra.*

· In this case, upon being asked to articulate its reason for the questioned strike, the prosecutor stated three reasons for the exercised peremptory challenge of one of the two black prospective jurors. The trial court overruled defense counsel's motion for mistrial, which was based upon alleged discrimination in selection of the jury.

It is inherent in the trial court's order overruling Venable's motion for a mistrial claiming discrimination in the selection of his jury that the trial court found the prosecutor did not strike the black juror because of his race, but rather on neutral grounds. We cannot say that the trial court's ruling was clearly erroneous. Venable's assignment of error in regard to the selection of the jury that tried him is not supported by the record.

Finally, Venable contends it was improper for the prosecutor to ask his rebuttal witness if she had been convicted of a felony.

The trial record shows that after the defense had rested, the prosecutor called Teresa Rigby as a rebuttal witness. After asking Rigby to identify herself, the prosecutor then asked:

Q [Mr. Ashford]. Ms. Rigby, have you ever been convicted of a felony?

A. Yes.

MR. O'CONNOR: Your Honor, I object. This is the same thing — May I approach the bench?

(At this point, counsel for the parties approached the side bar and the following record was made in low tones.)

THE COURT: Go ahead.

MR. O'CONNOR: The last question asked, the first question on direct examination was whether the witness had ever been convicted of a felony. It was my concern in question in chambers — Mr. Ashford called her as a rebuttal witness and rebuttal witness only. He can bring her on to impeach her or for impeachment. The question, the first question out of his mouth is not an impeachment question and the answer has been given in front of the jury. He had no right to do that. I would ask that the jury

be instructed to disregard, and that she can no longer be used as a witness, and told by the Court to be dismissed, and in the alternative I'll ask for a dismissal.

THE COURT: Say it now.

MR. ASHFORD: Yes, Your Honor. At this time there is a general question that can be asked of all witnesses. It's as to whether or not they've ever been convicted of a felony. It's confined to that question, and are there any convictions that regard dishonesty. That's a general question that can be asked of any witness at any time.

MR. O'CONNOR: That's an impeachment witness, and only impeachment questions . . .

THE COURT: Well, it gives both — It certainly goes to her credibility, number one, and certainly if she's answered the question it certainly goes for impeachment.

MR. O'CONNOR: What was the intent of it being asked? Only one intent. Impeachment.

MR. ASHFORD: That's not the case, Your Honor.

THE COURT: Your motion is overruled.

The prosecutor was then allowed to ask the question again and Rigby responded, "Yes, I have."

The credibility of a witness may be attacked by any party, including the party calling him. Neb. Rev. Stat. § 27-607 (Reissue 1985); *State v. Williams*, 224 Neb. 114, 396 N.W.2d 114 (1986). A witness may be impeached by proving his conviction of a felony. *State v. Reinert*, 197 Neb. 379, 248 N.W.2d 782 (1977).

The prosecution is allowed to impeach witnesses called by it. There is no evidence Rigby was called for the purpose of impeaching the credibility of Venable with her felony conviction. The reception of evidence affecting the credibility of a witness is within the discretion of the trial court and will not be reversed on appeal in the absence of an abuse of that discretion. *Hampton v. Strove*, 160 Neb. 305, 70 N.W.2d 74 (1955).

It appears no reversible error was made in regard to Teresa Rigby's testimony. The defendant's conviction and sentence are affirmed.

AFFIRMED.