STATE OF NEBRASKA, APPELLEE, V. JACQUAS L. MARTIN,
APPELLANT.
476 N.W.2d 536

Filed October 25, 1991.    No. 90-557.

Thomas M. Kenney, Douglas County Public Defender, and
Brian S. Munnelly for appellant.

Don Stenberg, Attorney General, and LeRoy W. Sievers for
appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN,
GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

In November 1989, Omaha police officers answered a call regarding four teenagers' being shot during a sorority-sponsored dance at which members of the Blood and Crip gangs were in attendance. The incident arose from a fistfight between a Blood and a Crip on the dance floor. Upon seeing the confrontation, members from both gangs began to participate in the fight. One of the victims saw Jacquas L. Martin, the defendant, with a gun in his hand, and three other witnesses testified that they had seen Martin fire a gun at the dance.

During voir dire at trial, the prosecutor used her peremptory challenges to strike the only two black prospective jurors on the panel. Defendant Martin's attorney moved that the strikes not be allowed. The district court asked the prosecutor to articulate her reasons for striking each black potential juror.

The prosecutor explained her reasoning for the strikes in that one of the potential jurors had worked for 21 years in a lounge or bar in a neighborhood where there is a lot of gang activity, and the other potential juror was a teacher and a minister. The prosecutor further noted that she struck one potential juror whose spouse is or was in the seminary and that she would have struck another on the basis of the juror's being a minister. However, the defense had already struck that individual.

As part of its case, the State presented evidence from an Omaha police sergeant regarding his investigation of the shootings. The court prohibited the defense from cross-examining the sergeant on certain interviews he conducted at the scene. The court ruled that these statements were clearly hearsay, not falling within the excited utterance exception to the hearsay rule.

Martin was found guilty by the jury of assaulting two of the four victims. For one of the shootings, Martin was sentenced to 5 to 10 years' imprisonment for first degree assault (a Class III felony) and to 20 months' to 5 years' imprisonment for use of a firearm to commit a felony (a Class III felony), to be served consecutively to the first degree assault sentence. For the other shooting, Martin was sentenced to 20 months' to 5 years' imprisonment for second degree assault (a Class IV felony) and

to 20 months' to 5 years' imprisonment for use of a firearm to commit a felony, the sentences to be served consecutively to those previously imposed and consecutively to each other, with credit given for 220 days served.

Martin assigns as error that the district court failed to declare a mistrial after the prosecutor struck two black prospective jurors from the panel, denied defendant the opportunity to present evidence of statements made to the sergeant under the excited utterance exception to the hearsay rule, sustained the defendant's convictions when the evidence was insufficient as a matter of law, and imposed excessive sentences.

As to appellant's first assignment of error, we affirm. *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986), bars prosecutors, through application of the equal protection clause of the 14th amendment to the U.S. Constitution, from challenging potential jurors "solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant." 476 U.S. at 89. In order to make a prima facie case of discrimination in the selection of a jury, a criminal defendant must show that (1) she or he is a member of a cognizable racial group, (2) the prosecutor used peremptory challenges to remove members of the defendant's race from the venire, and (3) the facts and other relevant circumstances give rise to an inference that the prosecutor used those challenges to exclude potential jurors because of their race. *Batson v. Kentucky, supra*.

Once the defendant has made a prima facie case, the burden shifts to the State to provide a neutral explanation for the challenges as they relate to the particular case to be tried. The explanation need not rise to the level of a challenge for cause, but neither may the prosecutor rebut defendant's prima facie case by stating that potential jurors were struck based on the intuitive judgment that they would be partial to the defendant because of their shared race. *Id.*; *State v. Venable*, 233 Neb. 309, 444 N.W.2d 907 (1989).

The prosecutor was able, in this case, to specify that her reasons for striking the black potential jurors were that, due to being a lounge employee and a minister, the two jurors would

tend not to be sympathetic to the State's position.

The prosecutor's basis for her strikes need not even rise to the level of rationality. As we said in *State v. Walton*, 227 Neb. 559, 564, 418 N.W.2d 589, 593 (1988), "[T]he trial court need not determine if the explanation is reasonable, but only that it is nondiscriminatory and is constitutionally permissible." The assignment is without merit.

As to defendant's second assignment of error, we affirm the district court's decision to exclude the statements the sergeant heard at the scene during his investigation as being hearsay and not falling within the excited utterance exception to the hearsay rule, as found in Neb. Rev. Stat. § 27-803(1) (Reissue 1989). The statute provides that "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" is not excluded by the hearsay rule, even though the declarant is available as a witness.

Based upon the information presented to the trial court, it made a finding regarding the prospective testimony:

> Well, the statute talks about a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition. I hear no testimony concerning the condition of this declarant being under stress caused by the event or condition. All I have been told is that he was reacting perhaps to a young woman's comments that he should be cooperative. I don't consider that to lay the foundation for the exception to the hearsay utterance, and therefore the State's objection is sustained.

Evidence existed to support the trial court's finding that the statements did not constitute excited utterances, and thus we will not disturb the finding on appeal.

On a claim of insufficiency of the evidence, the Supreme Court will not set aside a guilty verdict in a criminal case where such verdict is supported by relevant evidence. Only where evidence lacks sufficient probative force as a matter of law may the Supreme Court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt. *State v. Bradley*, 236 Neb. 371, 461 N.W.2d 524 (1990).

Regarding appellant's third and fourth assignments of error, we affirm. Evidence exists in the record that three people saw the defendant fire a gun, one individual saw defendant with a gun in his hand, and the defendant admitted to two individuals that he did the shooting. The evidence is sufficient to sustain the convictions. As to the sentencing, the ranges of punishments that could have been imposed are 1 to 20 years' imprisonment for each Class III felony and 0 to 5 years' imprisonment for the Class IV felony. Given that the penalties 17-year-old Martin received were within the statutory limits, that at least two people were injured by his firing a gun into a crowd, and that the defendant was reluctant to acknowledge his responsibility for the crime, we find no abuse of discretion in the sentencing of the defendant.

AFFIRMED.