IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. BROOKS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CLINTON BROOKS, JR., APPELLEE, AND BERNARD J. GLASER, APPELLANT.

Filed December 22, 2015.    No. A-15-522.

Appeal from the District Court for Lancaster County: ROBERT R. OTTE, Judge. Reversed and remanded with directions.

Greg C. Harris for appellant.

Joe Kelly, Lancaster County Attorney, and Patrick F. Condon for appellee.

MOORE, Chief Judge, and IRWIN and INBODY, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Bernard J. Glaser, court-appointed counsel for Clinton Brooks, Jr., appeals from an order of the district court determining the amount of fees and expenses allowed Glaser in connection with his representation of Brooks in Brooks' criminal case. We find that the district court abused its discretion in reducing the requested fees. We therefore reverse the district court's order and remand the cause with directions to grant Glaser's application for fees in full.

## II. BACKGROUND

Glaser was appointed to represent Brooks in the county court for Lancaster County in connection with a charge of theft by deception involving $500 to $1,500, a Class IV felony, in July, 2013. Thereafter, the case was bound over to district court and an amended information was

filed adding a charge of the unauthorized practice of law, a Class III misdemeanor. The charges stemmed from services Brooks provided to Joshua Fitzgerald in connection with Fitzgerald's dissolution of marriage. The State claimed that Brooks had received money from Fitzgerald in exchange for drafting pleadings and providing Fitzgerald with legal advice in connection with the divorce, despite the fact that Brooks was not a licensed attorney. Following numerous pretrial motions, the matter proceeded to a jury trial where Brooks was convicted of both counts and sentenced to 15 to 35 months for theft by deception and a period of not less than 3 nor more than 3 months for the unauthorized practice of law.

Following Brooks' convictions and sentences, Glaser filed an application for attorney fees totaling 330.1 hours and $2,341 in expenses. The court held a hearing on Glaser's application. At the hearing, Glaser presented an amended application for attorney fees for 253.6 hours. The parties agree that the application was further amended to 251.1 hours, although the record is unclear about when the additional 2.5 hour reduction occurred. In addition to the amended application for attorney fees, Glaser presented an affidavit detailing his work on the case and testified at the hearing. Glaser testified that Brooks was a difficult client and that Glaser had often had to spend significant amounts of time explaining the case to him. Glaser further testified that he pursued every legal argument Brooks asked him to, but stopped once he determined there was not a good faith basis for proceeding. Glaser also testified that the State had shifted its theory between the preliminary hearing and trial, requiring him to perform additional work. Furthermore, Glaser testified that Brooks' case had presented novel legal issues because there was little appellate case law to consult and this made the case more complicated.

After Glaser's testimony, the court sua sponte introduced Exhibit 40. Exhibit 40 consists of a list of all the payments made to court-appointed attorneys in Lancaster County from July 2014 to January 2015. It contains the date and amount of the payment, the attorney's name, and the case number. Glaser objected to Exhibit 40 on the basis of improper foundation and relevance. Glaser argued that because the other cases did not involve the same charges or difficult clients like Brooks, they were not useful comparisons. The court admitted Exhibit 40, indicating that Glaser's objections went to the weight of the evidence rather than its admissibility. The State presented no evidence.

Following the hearing, the district court entered an order awarding Glaser partial payment of his application for attorney fees. The court analyzed Glaser's request, noting that the case was "relatively straightforward" and did not present difficult legal issues. The court held that the case required a moderately skilled attorney, that Glaser assumed the entire responsibility for the case, that Glaser exhibited a high level of care and diligence, and that Glaser was a well-respected, experienced attorney who normally charged a higher hourly rate than the court-appointed rate of $75 per hour. The court noted that the outcome had not been favorable to Brooks as he was found guilty of both counts. Ultimately, the court concluded that the total request for 251.1 hours was unreasonable. The court noted that, according to Exhibit 40, fewer than a dozen appointed cases involved fees exceeding $3,000 during the period of July 2014 to January 2015. The court concluded that 100 hours at $75 per hour was reasonable and approved Glaser's request for payment only to the extent of $7,500 worth of fees. The court also approved payment for all of the costs Glaser had requested, a total of $2,341.

Glaser appeals the district court's order awarding him reduced attorney fees.

## III. ASSIGNMENTS OF ERROR

Restated and renumbered, Glaser argues that the trial court erred (1) in determining his request for attorney fees was unreasonable and awarding him less than the full amount of his requested fees and (2) in entering Exhibit 40 into evidence over Glaser's objections.

## IV. ANALYSIS

Glaser argues that the district court abused its discretion when it determined that his requested fees were not reasonable and reduced the number of hours from 251.1 to 100. Glaser also argues that the court acted as an advocate for the State when it introduced Exhibit 40 into evidence and that the district court erred in overruling Glaser's foundational objection to Exhibit 40. The State did not adduce any evidence to contradict the reasonableness of Glaser's requested fees. We find that the trial court erred in failing to award Glaser the full amount of his requested fees.

When attorney fees are authorized, the trial court exercises its discretion in setting the amount of the fee, which ruling an appellate court will not disturb on appeal unless the court abused its discretion. *State v. Ortega*, 290 Neb. 172, 859 N.W.2d 305 (2015). A judicial abuse of discretion exists when the reasons or rulings of the trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Schirber v. State*, 254 Neb. 1002, 581 N.W.2d 873 (1998).

To determine proper and reasonable fees, it is necessary to consider the nature of the litigation, the time and labor required, the novelty and difficulty of the questions raised, the skill required to properly conduct the case, the responsibility assumed, the care and diligence exhibited, the result of the suit, the character and standing of the attorney, and the customary charges of the bar for similar services. *Id.* (citing *Koehler v. Farmers Alliance Mut. Ins. Co.*, 252 Neb. 712, 566 N.W.2d 750 (1997)). Where the evidence contained in the record supports the fact that the moving party's request for attorney fees and expenses is a reasonable request and no other contrary evidence exists or is offered into evidence disputing reasonableness, the request for such reasonable attorney fees and expenses must be granted. *Id.*; *State v. Lowery*, 19 Neb. App. 69, 798 N.W.2d 626 (2011).

We first address Glaser's argument that the trial court erred in failing to award his entire requested fees. In *Lowery*, we considered a similar request for attorney fees. See *id.* The district court had reduced the amount of the awarded fees for an attorney's services in an appointed criminal matter. *Id.* On appeal, we determined the attorney was entitled to the entire amount of the fees he had requested. *Id.* We noted that the evidence in the record supported the attorney's request as being reasonable and that the State had not introduced any evidence to dispute the fees' reasonableness. *Id.* We therefore reversed and ordered the district court to award the entire amount of requested fees. *Id.*

Similarly, the evidence in the record before us supports the reasonableness of Glaser's requested fees. Glaser testified that Brooks was a difficult client and that Glaser had pursued every request Brooks made that was supported by a good faith basis. Glaser also testified that the novelty of the legal issues required additional work and that the State had changed its theory before trial, requiring further preparation on his part.

The only potentially contradictory evidence to the reasonableness of Glaser's requested fees was Exhibit 40, the list of fees paid to appointed attorneys in other cases that the court introduced sua sponte at the hearing. Glaser argues that the exhibit should not have been received. However, because we determine the evidence had no probative value, we need not reach the issue of whether the court properly received the exhibit or not.

There are two components to relevant evidence: materiality and probative value. *State v. Dixon*, 240 Neb. 454, 482 N.W.2d 573 (1992). The Nebraska Supreme Court has explained the distinction:

> Materiality looks to the relation between the propositions for which the evidence is offered and the issues in the case. If the evidence is offered to help prove a proposition which is not a matter in issue, the evidence is immaterial. . . .
>
> The second aspect of relevance is probative value, the tendency of evidence to establish the proposition that it is offered to prove. . . . [E]vidence that affects the probability that a fact is as a party claims it to be has probative force. . . . Such evidence often is said to have "logical relevance," while evidence lacking in probative value may be condemned as "remote" or "speculative."

*Id.* at 457-58, 482 N.W.2d at 576 (quoting McCormick on Evidence § 185 (John W. Strong 4th ed. 1992)).

Here, assuming without deciding that Exhibit 40 was properly before the court, it had no probative value. The list of fees paid in other cases lacked necessary details, including the nature of the other cases, the time and labor required, the novelty and difficulty of the questions raised, the skill required to properly conduct the cases, the responsibility assumed, the care and diligence exhibited, the result of the suits, the character and standing of the attorneys, and the customary charges of the bar for similar services. See *Schirber*, *supra*. It is impossible to make any useful comparison of reasonableness when the very factors necessary to assess reasonableness are absent. Any conclusion drawn from a comparison between the fees in Exhibit 40 and Glaser's requested fees would be remote or merely speculative. See *Dixon*, *supra*. We conclude that Exhibit 40 did not contain sufficient information to affect the probability that Glaser's requested fees were either reasonable or unreasonable. See *id.* In other words, Exhibit 40 had no probative value.

Having determined that Exhibit 40 had no probative value, there remains no other evidence in the record to contradict the reasonableness of Glaser's requested fees. The State did not adduce any evidence at the hearing and the remaining evidence consisted of Glaser's testimony and exhibits supporting the reasonableness of the fees. Glaser's request for fees is both reasonable and uncontradicted and therefore must be granted. See *Schirber*, *supra*; *Lowery*, *supra*.

## V. CONCLUSION

Because the record demonstrates that Glaser's application for attorney fees and expenses was reasonable, and no evidence was offered to the contrary, the district court erred in reducing the requested fees. We therefore reverse the district court's order and remand the cause with directions to grant Glaser's amended application for attorney fees for 251.1 hours and expenses.

REVERSED AND REMANDED WITH DIRECTIONS.