JAMES R. MCGREEVY, ADMINISTRATOR OF THE ESTATE OF AMY R. RICH, APPELLEE, v. RALPH R. BREMERS, APPELLANT, IMPLEADED WITH GENERAL INSURANCE COMPANY OF AMERICA, A CORPORATION, APPELLEE.
288 N. W. 2d 490

Filed February 20, 1980.   No. 42518.

Clayton H. Shrout of Shrout, Christian, Krieger, Mori & Merwald, for appellant.

Harold L. Hadland of Cassem, Tierney, Adams, Gotch & Douglas, for appellee General Insurance.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

This case arises on a motion for summary judgment on a cross-claim by General Insurance Company of America against Ralph R. Bremers seeking indemnification from Bremers under a written indemnity agreement executed in connection with the issuance of a guardian's bond.   The District Court entered judgment in favor of General in the sum of $38,966.07, plus interest and costs.   Bremers has appealed.

This case began as an action by the administrator of the estate of Amy R. Rich, deceased, against Ralph R. Bremers, guardian of the estate of Amy R. Rich, and General Insurance Company, the surety on the guardian's bond, to recover a surcharge against Bremers entered by the county court of Douglas County on final accounting in the guardianship proceedings. General filed a cross-claim against Bremers seeking indemnification from Bremers under a written indemnity agreement for any judgment entered against General on the guardian's bond, and for any additional costs, attorney's fees, and expenses incurred by General as a consequence of issuing the surety bond.

After a trial to the court of the administrator's cause of action, judgment was entered in favor of the administrator and against Bremers and General Insurance Company. That judgment was affirmed on appeal to this court. See McGreevy v. Bremers, 199 Neb. 448, 259 N. W. 2d 477.

Following the return of the case to the District Court, General filed a motion for summary judgment on its cross-claim against Bremers. The record establishes that the application for the guardian's bond executed by Bremers provided: "In consideration of the execution by the GENERAL INSURANCE COMPANY OF AMERICA of the bond herein applied for, I hereby agree: * * * Second, to indemnify the Company against all loss, liability, costs, damages, attorneys fees and expenses whatever, which the Company may sustain or incur by reason or in consequence of having executed said bond * * *."

The certificate of the clerk of the District Court established that on January 12, 1978, General paid the sum of $30,459.46 in satisfaction of the McGreevy judgment, plus costs and interest.

The affidavit of the regional surety claims manager for General shows that in consequence of hav-

ing issued and executed the guardian's bond, General incurred and paid attorney's fees, costs, and expenses in the sum of $8,506.61 in addition to the $30,459.46 paid in satisfaction of the judgment, a total sum of $38,966.07.

The counteraffidavit of Bremers asserted that Safeco Insurance Company and not General had been billed and apparently paid some of the costs, expenses, and attorney's fees listed and itemized in the affidavit of General's regional manager, and Safeco was not a party.

Hearing was had on the motion for summary judgment and the matter taken under advisement by the court. On motion and hearing, General was granted permission to file an additional affidavit and the case continued under advisement.

The affidavit of a managing agent and adjuster in charge of General shows that General is a wholly-owned subsidiary of Safeco Insurance Company; that General is in the business of issuing surety bonds; and that the bills for attorney's fees and expenses rendered with respect to a surety bond issued by General are directed to Safeco for processing and, when paid, are charged to General. His affidavit also shows that the attorney's fees, costs, and expenses incurred and paid by General, in his opinion, were fair and reasonable.

On November 7, 1978, the District Court entered its order sustaining the motion for summary judgment, and entered judgment against Bremers in the total sum of $38,966.07. Bremers has appealed.

On appeal, Bremers contends that there was a genuine issue as to several material facts, and that the insurance company was not entitled to summary judgment. He also contends that the District Court erroneously refused to allow him to submit an additional counteraffidavit after judgment had been entered.

On the record here there can be no doubt that the

sum of $30,459.46 paid on the McGreevy judgment was established by the mandate of this court on the former appeal and is res judicata. The only remaining material factual issues are whether the $8,506.61 of attorney's fees, costs, and expenses were incurred in consequence of the issuance of the guardian's bond, and whether or not those costs were reasonable.

Bremers' affidavits, even the rejected one, do not directly dispute the fact that all the costs and expenses were incurred in consequence of the issuance of the guardian's bond. Neither does Bremers assert that any of the fees or costs were unreasonable. He only challenges the foundational qualifications of the affiant, who stated the fees and costs were reasonable. It should be noted here also that the affidavits were received in evidence without objection.

The District Court was fully justified in refusing to reopen the matter to receive Bremers' additional affidavit. That affidavit, however, raised no material issue of fact, nor could it have changed the result.

When the allegations of the pleadings and the evidence offered at the hearing on a motion for summary judgment show there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law, the motion should be sustained and summary judgment should be granted. Gerdes v. Spetman, 197 Neb. 406, 249 N. W. 2d 210.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.