DENISE E. WACKER, APPELLEE, V. TIMOTHY A. WACKER, APPELLEE, WILLIAM P. NEUBAUER, GUARDIAN AD LITEM, APPELLANT, AND BOX BUTTE COUNTY, NEBRASKA, APPELLEE.

573 N.W.2d 113

Filed January 2, 1998.   No. S-96-283.

William P. Neubauer, guardian ad litem, for appellant.

M. Roger Schneekloth, Box Butte County Attorney, for appellee Box Butte County.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

CAPORALE, J.

This is an appeal from the district court's denial of the motion of the appellant guardian ad litem, attorney William P. Neubauer, for an order requiring the appellee, Box Butte County, to pay attorney fees he incurred in defending himself in an action instituted against him and others in the U.S. District Court for the District of Colorado by Denise E. Marsh, formerly Denise E. Wacker, the petitioner-appellee mother, in this dissolution action between her and the respondent-appellee father, Timothy A. Wacker. The guardian thereafter appealed to the Nebraska Court of Appeals, asserting the aforesaid ruling as error. Under our authority to regulate the caseloads of this court and the Court of Appeals, we, on our own motion, removed the appeal to our docket. We reverse, and remand for further proceedings.

The dispositive question presents a question of law, in connection with which an appellate court has an obligation to reach its own conclusions independent of those reached by the lower courts. *Salazar v. Nemec, ante* p. 298, 570 N.W.2d 366 (1997).

Without indicating whether it was doing so under its inherent powers, *Nye v. Nye*, 213 Neb. 364, 329 N.W.2d 346 (1983), or on some other basis, the district court appointed Neubauer "Guardian ad litem for the children" on April 14, 1993. In November 1993, he, in his capacity as such guardian, traveled to Colorado to facilitate visitation between the children and the father.

In April 1994, the mother, individually and as next friend of the two minor children, filed the aforedescribed federal action

against the guardian, the father, and the father's parents. The mother alleged therein that the guardian had traveled to Colorado in an attempt to persuade the children to visit the father against their will and that when the children objected, the guardian "belittled the [children], yelled at [them], and threatened to 'drag [them] out on [their] hands and knees' and 'stick [them] in a foster home.' "

In that same month, the guardian retained the services of attorney Kenneth A.B. Roberts, Jr., of the Colorado bar, to defend him in that lawsuit. On May 3, 1994, the guardian sent a letter to the Box Butte County Attorney requesting that the county take financial responsibility for his defense in the federal suit. On January 19, 1995, the federal court dismissed the action for the mother's failure to show personal jurisdiction over the defendants. Roberts billed the guardian $13,496.76 for services and expenses.

On July 13, 1995, the guardian filed the subject motion, asserting that as he had

> been sued in his capacity of Guardian ad Litem, and the events giving rise to the lawsuit [arose] out of the [guardian's] performance of those duties, [who] was acting at the behest of the District Court, and as [an] employee of the County for the purpose of this litigation.

The district court found that the guardian "did request counsel" from the county, that "the County was notified in regard [to] the lawsuit," and that the guardian's "actions in retaining a counsel in Colorado to represent him were necessary" to avoid a default judgment. Nonetheless, the district court denied the motion, finding:

> At no time was this court advised that the guardian ad litem was expending or obligating this court for costs to represent the guardian ad litem in Federal Court in Colorado.
>
> The court finds that the request for payment of the Colorado attorney's fees was not authorized by the court and therefore that said request is denied.

However, while it might be good practice to do so when feasible, we find no requirement in the law that a guardian ad litem obtain prior authorization before incurring necessary expenses

in the course of fulfilling the duties imposed by being appointed such a guardian. On the contrary, in considering a guardian ad litem's entitlement to reimbursement for fees and expenses, we have written:

> If the action of a guardian ad litem is reasonable, and within the duties of a guardian ad litem in protecting the best interests of the minors or incompetents whom he was appointed to represent, he is entitled to reimbursement for expenses and to an allowance of fees for services rendered. A guardian ad litem who acts in good faith in the performance of his duty will not ordinarily be hindered by the fear that he will be charged with expenses and nonpayment for services rendered.

*White v. Ogier*, 175 Neb. 883, 897, 125 N.W.2d 68, 77 (1963). Thus, we have held that the guardian of a protected person was entitled to attorney fees necessarily incurred in preparing the final account and in defending it. *In re Guardianship of Bremer*, 209 Neb. 267, 307 N.W.2d 504 (1981). Those fees must, of course, not only be reasonably necessary, their amount must be fair and reasonable. See *McGreevy v. Bremers*, 205 Neb. 554, 288 N.W.2d 490 (1980) (absent proof of unreasonableness, surety entitled to fees, costs, and expenses incurred seeking indemnification by guardian).

There can be no disputing that the guardian here acted reasonably in obtaining defense counsel in Colorado. As the district court itself observed, he was in no "position to let his answer day run and be faced with a possible default in regard to this case . . . ." In addition, the guardian's November 23, 1993, report to the district court suggests that he was acting within the duties of a guardian ad litem in protecting the best interests of the children when he visited Colorado in November 1993.

Since the district court wrongly concluded that the guardian was required to obtain the court's authority prior to engaging counsel, it did not reach the other factual issues presented, and we therefore cannot determine whether its decision is otherwise correct. Accordingly, we reverse, and remand for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.