MICHAEL N. SCHIRBER, APPELLANT, V. STATE OF NEBRASKA, IN THE INTEREST OF PROCEEDINGS REGARDING PATRICK J. THOMAS, ET AL., APPELLEE.

581 N.W.2d 873

Filed July 10, 1998.   No. S-97-417.

Jerome J. Ortman for appellant.

Michael L. Munch, Sarpy County Attorney, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

WHITE, C.J.

The question presented is whether the attorney fees, costs, and expenses granted by the Sarpy County District Court to appellant, Michael N. Schirber, as acting county attorney pursuant to Neb. Rev. Stat. § 23-1205 et seq. (Reissue 1991 & Supp. 1995) were reasonable in amount.

Schirber was appointed acting county attorney in the investigation and prosecution of Patrick J. Thomas, Sarpy County Sheriff; Timothy Dunning, Douglas County Sheriff; and William Brueggemann, Cass County Sheriff. See Neb. Rev. Stat. § 23-1204.01 (Reissue 1997). At the conclusion of the investigation, Schirber filed informations in the Sarpy County District Court against Thomas and Dunning, alleging various criminal counts; no charges were filed against Brueggemann. The cases against Thomas and Dunning were consolidated and proceeded to trial. At trial, a jury verdict was returned in favor of Thomas, and the charges against Dunning were subsequently dismissed.

Based on these proceedings, Schirber filed an application with the Sarpy County District Court for $28,500 in attorney fees (228 hours at $125 per hour), and $4,068.94 in costs and expenses (including 34 hours of secretary time at $20 per hour and various other expenses). See § 23-1204.01. In the application, Schirber indicated that his "customary and usual hourly rate for legal fees is $125 per hour and the customary and usual rate for legal fees for associate Todd J. Hutton is $100 per hour; that no distinction is made for office time and court time."

Schirber entered into evidence a 1992 court order from the Otoe County District Court wherein he was granted $100 per hour in attorney fees. Schirber also entered his timesheets into evidence, which indicated the attorney time, the secretary time, and a description and cost amount of the services rendered. The attorney time and secretary time were calculated in terms of tenths ($\frac{1}{10}$) of an hour, copies were charged at 25 cents each, and postage was charged at 32 cents per mailing. In addition, Schirber entered into evidence numerous invoices, receipts, bills, and photocopies of checks, all indicating the various expenses incurred in investigating and prosecuting the case. Finally, Schirber submitted his resume into evidence to indicate

his years of experience (28), his education and background, his membership in various professional organizations, and the jurisdictions in which he is admitted to practice.

On March 19, 1997, a telephone conference was held between District Judge William Cassel, Schirber, and the Sarpy County Attorney. During the conference call, the county attorney stated he did not object to the application "insofar as the contents of how counsel had defined how he spent his time on the matter." The county attorney also indicated he thought Schirber's photocopy charges were acceptable. The only request made by the Sarpy County Attorney was that the court, in making an allowance for attorney fees, delineate between in-court and out-of-court time.

Schirber then addressed the court and explained why he was entitled to $125 per hour for attorney fees. Schirber began by stating he had been paid $100 per hour in a 1992 case where he was acting as appointed counsel in a similar capacity. Schirber then stated he had calculated that inflation had risen approximately 4 percent over the last 4 years. Applying the 4-percent inflation rate to the $100 per hour figure, Schirber extrapolated that he was entitled to approximately $125 per hour. Schirber also claimed he was entitled to $4,068.94 in costs and expenses because he was not provided with a budget, a staff, or office space and, in turn, was forced to use his own resources.

Both parties then requested the district court to analyze Schirber's application for attorney fees and expenses in light of several factors, including the nature of the case, the amount of time and labor involved, the services performed, the results obtained, the length of time required for preparation and presentation, the novelty and difficulty of the questions, and the customary charges of the bar.

The district court took the matter under advisement, and on March 24, 1997, the court entered an order awarding Schirber $8,892 for fees and $488.94 for costs and expenses. The court made no findings of fact, but merely entered an order which provided as follows:

IT IS ORDERED:

1. The application is granted to the extent that fees should be allowed in the amount of $8,892.00 and costs

incurred in the amount of $488.94, and that the total sum of $9,380.94 is ordered paid by the County of Sarpy.

2. Except to the extent granted above, the application is denied.

ENTERED: March 24, 1997.

Schirber filed a notice of appeal on April 24, 1997.

Rephrased and summarized, Schirber contends the district court erred in (1) failing to make an adequate allowance for fees and expenses, (2) failing to make findings of fact regarding the fees and expenses, and (3) denying his constitutional rights by requiring an involuntary servitude and depriving him of property without just compensation. Since Schirber's first assignment of error is dispositive, we will not address his remaining arguments. See *Tyler v. Tyler*, 253 Neb. 209, 570 N.W.2d 317 (1997).

Attorney fees and expenses may be recovered only where provided for by statute, or when a recognized and accepted uniform course of procedure has been to allow recovery of an attorney fee. *Rapp v. Rapp*, 252 Neb. 341, 562 N.W.2d 359 (1997); *Sid Dillon Chevrolet v. Sullivan*, 251 Neb. 722, 559 N.W.2d 740 (1997). When an attorney fee is authorized, the amount of the fee is addressed to the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion. *Barnett v. Peters*, 254 Neb. 74, 574 N.W.2d 487 (1998); *National Am. Ins. Co. v. Continental Western Ins. Co.*, 243 Neb. 766, 502 N.W.2d 817 (1993). To determine proper and reasonable fees, it is necessary to consider the nature of the litigation, the time and labor required, the novelty and difficulty of the questions raised, the skill required to properly conduct the case, the responsibility assumed, the care and diligence exhibited, the result of the suit, the character and standing of the attorney, and the customary charges of the bar for similar services. *Koehler v. Farmers Alliance Mut. Ins. Co.*, 252 Neb. 712, 566 N.W.2d 750 (1997); *National Am. Ins. Co., supra.* In this respect, a judicial abuse of discretion exists when the reasons or rulings of the trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Whalen v. U S West Communications*, 253 Neb. 334,

570 N.W.2d 531 (1997); *Pope v. Pope*, 251 Neb. 773, 559 N.W.2d 192 (1997).

Section 23-1205 provides for the appointment of a county attorney to act in a temporary capacity in any investigation, appearance, or trial upon the showing of absence, sickness, disability, or good cause. Section 23-1204.01 provides for the compensation of such county attorneys, stating, in pertinent part, that "such assistant or assistants shall be allowed such compensation for said services as the court shall determine . . . ." While such attorney fees and expenses are ordinarily left to the trial court's discretion, an application for attorney fees and expenses must be granted where the record demonstrates that the amount requested was reasonable and there is no evidence or indication otherwise that the amount is unreasonable. See, *Wacker v. Wacker*, 253 Neb. 630, 573 N.W.2d 113 (1998); *Koehler, supra*; *McGreevy v. Bremers*, 205 Neb. 554, 288 N.W.2d 490 (1980).

In *McGreevy, supra*, we addressed a situation where a surety sought $8,506.61 in attorney fees, costs, and expenses. Multiple affidavits were entered into evidence; nothing entered into evidence disproved the reasonableness of the fees and expenses. In turn, the district court entered an order granting the fees and expenses. An appeal to this court followed. The issue on appeal was whether the fees and expenses were reasonable. We noted on appeal that none of the affidavits disputed the fact the fees and expenses were incurred and that none of the fees or expenses were unreasonable. We held that the surety was entitled to the requested fees, costs, and expenses.

From our holding in *McGreevy*, we conclude that where the evidence contained in the record supports the fact that the moving party's request for attorney fees and expenses is a reasonable request, per the factors enunciated in *Koehler, supra*, and no other contrary evidence exists or is offered into evidence disputing reasonableness, the request for such reasonable attorney fees and expenses must be granted. See, also, *Wacker*, 253 Neb. at 633, 573 N.W.2d at 115 (citing *McGreevy, supra*, for proposition that "absent proof of unreasonableness, surety entitled to fees, costs, and expenses incurred seeking indemnification by guardian"). Our ruling today does not, however, create a pre-

sumption of validity or abdicate the discretion granted to all trial courts to determine reasonable attorney fees and expenses. See *Koehler, supra.* Rather, our holding merely stands for the proposition that where the record plainly indicates that a litigant's request for attorney fees and expenses is in fact a reasonable request, and no evidence exists or is offered into evidence to rebut that fact, the attorney fees and expenses must be granted.

Here, the record demonstrates Schirber's application for attorney fees, costs, and expenses was reasonable. No evidence was offered into evidence or existed disproving the reasonableness of Schirber's application.

Therefore, the decision of the trial court is reversed and the cause remanded with directions to allow the requested fees, costs, and expenses, except the request for payment of secretarial services in the amount of $680, which is denied.

REVERSED AND REMANDED WITH DIRECTIONS.