Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/09/2016 09:08 AM CST

State of Nebraska, appellee, v.
David L. Rice, appellant.
___ N.W.2d ___

Filed December 9, 2016.    No. S-15-932.

1. **Actions: Parties: Death: Abatement, Survival, and Revival: Appeal and Error.** Whether a party's death abates an appeal or cause of action presents a question of law.
2. **Attorney Fees: Appeal and Error.** When attorney fees are authorized, the trial court exercises its discretion in setting the amount of the fee, which ruling an appellate court will not disturb on appeal unless the court abused its discretion.
3. **Actions: Parties: Death: Abatement, Survival, and Revival: Appeal and Error.** Statutory provisions regarding abatement and revivor of actions apply to cases in which a party dies pending an appeal.
4. **Actions: Parties: Death: Abatement, Survival, and Revival.** Even if a party's death does not abate a cause of action, a substitution of parties may be required before the action or proceeding can continue.
5. **Abatement, Survival, and Revival: Moot Question: Appeal and Error.** An abatement can refer to the extinguishment of an appeal only when the legal right being appealed has become moot because of a party's death while the appeal was pending.
6. **Postconviction: Attorney Fees: Appeal and Error.** Court-appointed counsel in a postconviction proceeding may appeal to the appellate courts from an order determining expenses and fees allowed under Neb. Rev. Stat. § 29-3004 (Reissue 2016). Such an appeal is a proceeding separate from the underlying postconviction proceeding.
7. **Postconviction: Right to Counsel.** Under the Nebraska Postconviction Act, whether to appoint counsel to represent the defendant is within the discretion of the trial court.
8. **Postconviction: Justiciable Issues: Right to Counsel.** When the assigned errors in a postconviction petition before the district court

contain no justiciable issues of law or fact, it is not an abuse of discretion to fail to appoint counsel for an indigent defendant.

9. **Postconviction: Attorney Fees.** Although appointment of counsel in postconviction cases is discretionary, Neb. Rev. Stat. § 29-3004 (Reissue 2016) provides that once counsel has been appointed and appointed counsel has made application to the court, the court "shall" fix reasonable expenses and fees.

10. **Attorney Fees.** To determine reasonable expenses and fees under Neb. Rev. Stat. § 29-3004 (Reissue 2016), a court must consider several factors: the nature of the litigation, the time and labor required, the novelty and difficulty of the questions raised, the skill required to properly conduct the case, the responsibility assumed, the care and diligence exhibited, the result of the suit, the character and standing of the attorney, and the customary charges of the bar for similar services.

Appeal from the District Court for Douglas County: JAMES T. GLEASON, Judge. Motion for substitution of parties overruled. Reversed and remanded with directions.

Timothy L. Ashford for appellant.

Donald W. Kleine, Douglas County Attorney, and Katie L. Benson for appellee.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
This case, No. S-15-932, is an appeal from the order of the district court for Douglas County which denied attorney Timothy L. Ashford's application for expenses and fees for service as court-appointed appellate counsel for David L. Rice in Rice's postconviction proceeding. Rice died while this appeal was pending, and Ashford filed a suggestion of death. Ashford later filed a motion for substitution of parties in which he requested that, if necessary, he or a member of Rice's family be substituted for Rice as a party to this appeal. We determine that because Ashford is the proper appellant in this appeal, no substitution of parties is needed. With regard to

the merits of the appeal, we reverse, and remand to the district court for further proceedings.

## STATEMENT OF FACTS

In 1971, Rice was convicted of first degree murder and was sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal. *State v. Rice*, 188 Neb. 728, 199 N.W.2d 480 (1972). Rice subsequently filed unsuccessful actions for habeas corpus relief in federal court and a state court petition for postconviction relief, the denial of which was affirmed by this court in *State v. Rice*, 214 Neb. 518, 335 N.W.2d 269 (1983).

On September 28, 2012, Rice filed a successive petition for postconviction relief. The district court dismissed Rice's petition on the bases that (1) the petition was barred by the statute of limitations set forth in Neb. Rev. Stat. § 29-3001(4) (Reissue 2016), (2) Rice's claims were procedurally barred because they were or could have been raised in his direct appeal or his previous postconviction proceeding, and (3) Rice's petition did not set forth claims that would entitle him to relief. Rice appealed the denial of his petition for postconviction relief and made several assignments of error on appeal to this court in case No. S-14-056.

The record in case No. S-14-056 shows that Rice's petition for postconviction relief was filed on his behalf in the district court by attorney Ashford. Ashford also filed on behalf of Rice a motion to appoint counsel on the basis that Rice was indigent. Ashford continued to represent Rice in the postconviction proceeding. However, the record in case No. S-14-056 did not contain a ruling on the motion to appoint counsel prior to the district court's order denying postconviction relief. Consequently, after Rice filed his notice of appeal of the order denying postconviction relief and given the unresolved motion pending in district court, we directed the district court "to rule upon [the] motion for appointment of counsel previously filed in the trial court."

In an order filed January 24, 2014, the district court acknowledged that Rice had filed a motion to appoint counsel, but the court stated that it was never presented with the motion and that Rice never asked it to rule on the motion. The district court asserted that because Rice had filed a notice of appeal on January 16, it believed it was without jurisdiction to rule on the motion. The district court stated, however, that this court required it to take action. Therefore, the court entered an order in which it found that Rice should be allowed to proceed in forma pauperis and appointed Ashford as counsel for Rice.

The appeal in case No. S-14-056 proceeded, and in due course, we sustained the State's motion for summary affirmance in an order in which we cited § 29-3001(4)(e) and stated that Rice's "petition for postconviction relief is time barred." We overruled Rice's subsequent motion for a rehearing, and the mandate in case No. S-14-056 was spread on February 6, 2015.

On August 14, 2015, Ashford filed an application in the district court for the allowance of expenses and fees associated with the appeal in case No. S-14-056. The application was accompanied by Ashford's affidavit and an invoice which showed fees of $7,133.75, expenses of $249.85, and mileage of $44.80, for a total request of $7,428.40. After a hearing in which the State did not contest the requested expenses and fees, the district court denied the application for attorney fees. In its order denying the application, the court stated, "Subsequent to the hearing, this Judge received notice that he had been sued in the United States District Court by the applicant herein." The court then noted that it had denied postconviction relief and an evidentiary hearing on the basis that Rice's claims were both procedurally and time barred. The court stated, "Although not material to this Order, the Court is satisfied that the underlying claims for post conviction relief were frivolous." The court then stated that "the appeal itself

was frivolous," and it therefore concluded that "no fees should be allowed."

Ashford appealed the district court's order denying his application for attorney fees, resulting in the current appeal, case No. S-15-932.

While the current appeal was pending, Ashford filed a suggestion of death indicating that Rice had died on March 11, 2016. Ashford later filed a motion for substitution of parties in which he requested that, if necessary, he or a member of Rice's family be substituted for Rice as a party to this appeal. We ordered the case to proceed to briefing and oral argument in order to allow us to consider the effect of Rice's death on this appeal, the need for a substitution of parties, and the merits of the appeal.

## ASSIGNMENT OF ERROR

Ashford claims that the district court erred when it denied his application for expenses and fees.

## STANDARDS OF REVIEW

[1] Whether a party's death abates an appeal or cause of action presents a question of law. *In re Conservatorship of Franke*, 292 Neb. 912, 875 N.W.2d 408 (2016).

[2] When attorney fees are authorized, the trial court exercises its discretion in setting the amount of the fee, which ruling an appellate court will not disturb on appeal unless the court abused its discretion. *State v. Ortega*, 290 Neb. 172, 859 N.W.2d 305 (2015).

## ANALYSIS

### § 29-3004 Governs Fees for Court-Appointed Counsel in This Postconviction Proceeding.

As an initial matter, we note that in this appeal, Ashford contends that he should be allowed attorney fees under Neb. Rev. Stat. § 29-3905 (Reissue 2016) and relies on case law applying § 29-3905 to support his argument. Ashford's reliance on § 29-3905 is misplaced. Section 29-3905 applies to

appointed counsel for a "felony defendant" and should be read in connection with Neb. Rev. Stat. § 29-3903 (Reissue 2016) regarding appointment of counsel in "criminal proceedings." The underlying action in the present case is Rice's action for postconviction relief, and Neb. Rev. Stat. § 29-3004 (Reissue 2016) governs the appointment of counsel and the payment of fees to appointed counsel in postconviction proceedings. Therefore, § 29-3004 rather than § 29-3905 controls the allowance of expenses and fees in this case.

Nevertheless, we note that both § 29-3905 and § 29-3004 require that, upon hearing an application by court-appointed counsel, the court "shall fix reasonable expenses and fees, and the county board shall allow payment to [court-appointed counsel] in the full amount determined by the court." Because of the similarity in language, case law interpreting § 29-3905 will be relevant to our application of § 29-3004 in this appeal.

*This Appeal Concerns Ashford's Application for*
*Expenses and Fees Pursuant to § 29-3004, and*
*Therefore, the Appeal Does Not Abate as a*
*Result of Rice's Death and No Substitution*
*of Parties Is Necessary.*

Before considering the merits of this appeal, we must first address the suggestion of death and the motion for substitution of parties filed by Ashford. Specifically, we must determine whether this appeal abates as a result of Rice's death and whether a substitution of parties is necessary. We conclude that in this appeal limited to the challenge to the district court's ruling on Ashford's application for expenses and fees, Ashford is the proper appellant, the appeal does not abate as a result of Rice's death, and no substitution of parties is necessary. We therefore overrule the motion for substitution of parties.

[3-5] We have stated that statutory provisions regarding abatement and revivor of actions apply to cases in which a party dies pending an appeal. *In re Conservatorship of Franke*,

292 Neb. 912, 875 N.W.2d 408 (2016). We further stated even if a party's death does not abate a cause of action, a substitution of parties may be required before the action or proceeding can continue. *Id*. Regarding an appeal, we have stated that an abatement can refer to the extinguishment of an appeal only when the legal right being appealed has become moot because of a party's death while the appeal was pending. *Id*. We have acknowledged that the reason substitution may be required is that a deceased person cannot maintain a right of action against another or defend a legal interest in an action or proceeding. *Id*. Given these principles, to determine whether this appeal abates and whether substitution of parties is necessary, we must consider the legal right at issue in this appeal and whether such right may be adequately pursued despite Rice's death.

[6] The order being appealed in this case concerns Ashford's representation of Rice in connection with this postconviction appointment. Specifically, this appeal is limited to a challenge to the district court's order denying Ashford's application for allowance of attorney fees under § 29-3004. In *In re Claim of Rehm and Faesser*, 226 Neb. 107, 410 N.W.2d 92 (1987), court-appointed counsel for a criminal defendant filed applications requesting compensation pursuant to Neb. Rev. Stat. § 29-1804.12 (Reissue 1985), now codified at § 29-3905. We held in *In re Claim of Rehm and Faesser* that "appointed counsel . . . may appeal to this court from an order determining the amount of fees and expenses allowed appointed counsel under § [29-3905]" and that "[s]uch an appeal is a proceeding separate from the [underlying] criminal case." 226 Neb. at 113, 410 N.W.2d at 96. See, also, *State v. Ryan*, 233 Neb. 151, 444 N.W.2d 656 (1989) (reviewing attorney's appeal of order regarding court-appointed counsel's fees in criminal case). Our reasoning in these criminal cases under a similar appointment statute logically applies to the instant appeal from an attorney-fee ruling in a postconviction case. We therefore hold that court-appointed counsel in a

postconviction proceeding may appeal to the appellate courts from an order determining expenses and fees allowed under § 29-3004 and that such an appeal is a proceeding separate from the underlying postconviction proceeding.

As just noted, Ashford has a statutory basis for the right he asserts in his own behalf both at the trial level and on appeal. With this understanding of the legal interest at issue in this appeal, we determine that this appeal from the trial proceeding for fees under § 29-3004 did not abate and that no substitution of parties is necessary as a result of Rice's death. The legal right at issue is Ashford's right to expenses and fees under § 29-3004, payable by the county. Given the statute, this proceeding involves interests that are personal to Ashford rather than to Rice. Ashford's rights under § 29-3004 did not become moot as a result of Rice's death, and Ashford remains as a person capable of pursuing such rights. See *Davis v. Rahkonen*, 112 Wis. 2d 385, 332 N.W.2d 855 (Wis. App. 1983) (ruling that death of party to divorce action did not deprive court of jurisdiction to award attorney fees pursuant to statute).

We conclude that this appeal did not abate as a result of Rice's death and that no substitution of parties is necessary. We therefore overrule the motion for substitution of parties. We turn to the merits of this appeal.

*Pursuant to § 29-3004, District Court Was*
*Required to Fix Reasonable Expenses and*
*Fees and Court Abused Its Discretion*
*When It Concluded That No Fees*
*Should Be Allowed.*

[7,8] Ashford claims that the district court erred when it denied his application and concluded that no fees should be allowed. We conclude that after a court has appointed counsel in a postconviction action, § 29-3004 requires the court to fix reasonable expenses and fees. Therefore, the district court abused its discretion in this case when it determined

without an examination of reasonableness that no fees should
be allowed.

Section 29-3004 provides that in postconviction proceedings,

[t]he district court may appoint not to exceed two attor-
neys to represent the prisoners in all proceedings under
sections 29-3001 to 29-3004. The district court, upon
hearing the application, shall fix reasonable expenses and
fees, and the county board shall allow payment to the
attorney or attorneys in the full amount determined by the
court. The attorney or attorneys shall be competent and
shall provide effective counsel.

We have held that under the Nebraska Postconviction Act,
whether to appoint counsel to represent the defendant is within
the discretion of the trial court. See *State v. Phelps*, 286 Neb.
89, 834 N.W.2d 786 (2013). We have further stated that when
the assigned errors in a postconviction petition before the dis-
trict court contain no justiciable issues of law or fact, it is not
an abuse of discretion to fail to appoint counsel for an indigent
defendant. *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d
775 (2015).

[9] Although appointment of counsel in postconviction
cases is discretionary, § 29-3004 provides that once counsel
has been appointed and appointed counsel has made applica-
tion to the court, the court "shall" fix reasonable expenses and
fees. The language in § 29-3004 regarding expenses and fees
is nearly identical to the language in § 29-3905 stating that
upon hearing appointed counsel's application, the court "shall"
fix reasonable expenses and fees, and, as we have noted
above, we look to jurisprudence under § 29-3905 for guid-
ance. We have recognized that under § 29-3905, the trial court
exercises its discretion in setting the amount of the fee. *State
v. Ortega*, 290 Neb. 172, 859 N.W.2d 305 (2015). However,
such discretion is exercised within the court's responsibility
to determine "reasonable" expenses and fees. The mandatory
language of both § 29-3905 and § 29-3004, stating that the
court "shall" fix reasonable expenses and fees, does not give

the court the discretion to determine that it will not fix any expenses and fees.

In case No. S-14-056, we directed the district court to rule on the outstanding motion to appoint counsel. We did not direct a particular ruling. At that point, the district court had discretion to consider the merits of Rice's claims when deciding whether or not to appoint postconviction counsel. The district court appointed Ashford as counsel. After Ashford was appointed as postconviction counsel, § 29-3004 required the district court, upon application, to fix reasonable expenses and fees. In its ruling on the application, the district court failed to consider the reasonableness of Ashford's requested expenses and fees; instead, it determined that the appeal of the denial of the postconviction motion was frivolous and that therefore, no fees should be awarded. The proper time for a court to consider frivolousness is when deciding whether to grant or deny leave to proceed in forma pauperis, see Neb. Rev. Stat. § 25-2301.02 (Reissue 2016), or when exercising discretion on whether to grant or deny appointment of postconviction counsel, see *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016). Once a trial court grants leave to proceed in forma pauperis and appoints postconviction counsel, the court has no discretion under § 29-3004 to deny counsel's request for reasonable attorney fees on the ground that the action to which counsel was appointed was frivolous. Because the district court focused on the wrong criterion, it abused its discretion.

[10] With respect to fixing reasonable expenses and fees, we have stated that to determine proper and reasonable attorney fees, a court must consider several factors: the nature of the litigation, the time and labor required, the novelty and difficulty of the questions raised, the skill required to properly conduct the case, the responsibility assumed, the care and diligence exhibited, the result of the suit, the character and standing of the attorney, and the customary charges of the bar for similar services. *Kercher v. Board of Regents*, 290 Neb.

428, 860 N.W.2d 398 (2015). These are also the proper considerations for a court when fixing reasonable expenses and fees under § 29-3004.

We conclude that the district court abused its discretion when it determined that because the appeal of the denial of Rice's postconviction claims was frivolous, no fees should be awarded to appointed postconviction counsel Ashford. We therefore reverse the district court's order denying Ashford's application for expenses and fees.

*On Remand, Application Should Be Assigned
to a Different Judge to Determine
Reasonable Expenses and Fees.*

Having reversed the district court's order denying Ashford's application for fees, we need to consider two additional matters: (1) whether we should fix the expenses and fees or whether we should remand the cause to the district court to make that determination and (2) whether the application should be considered by a different judge if the cause is remanded. We conclude that the cause should be remanded to the district court and that on remand, the application should be assigned to a different judge to fix reasonable expenses and fees under § 29-3004.

Ashford urges this court to direct the district court on remand to simply award the expenses and fees he requested. He notes that the State did not oppose his application either at the district court level or in this appeal. He relies in part on *State v. Lowery*, 19 Neb. App. 69, 798 N.W.2d 626 (2011), in which he contends the Nebraska Court of Appeals held that under § 29-3905, the court must award fees in the amount requested if the State does not object.

In a concurrence in *Lowery*, then-Court-of-Appeals-Judge William B. Cassel suggested that in *Schirber v. State*, 254 Neb. 1002, 581 N.W.2d 873 (1998), this court as a practical result had created a presumption that fees and expenses must be granted in the amount requested if the opposing party did

not object or present contrary evidence. Based on the record in *Schirber*, we had stated that "where the evidence contained in the record supports the fact that the moving party's request for attorney fees and expenses is a reasonable request . . . and no other contrary evidence exists or is offered into evidence disputing reasonableness, the request for such reasonable attorney fees and expenses must be granted." 254 Neb. at 1006, 581 N.W.2d at 876. To the extent *Schirber* created a presumption that if the opposing party does not object, fees and expenses must be awarded in the amount requested, it is disapproved. Particularly in a case such as the present case, where § 29-3004 requires the court to fix "reasonable" expenses and fees, the trial court has a duty to determine that expenses and fees requested are in fact reasonable regardless of whether the opposing party objects or presents contrary evidence. The trial court's duty under the statute to set reasonable expenses and fees is not obviated when the opposing party fails to resist the request.

In view of the foregoing analysis, we determine that the present cause should be remanded to the district court for a determination of whether Ashford's request sets forth "reasonable expenses and fees." See § 29-3004. The district court has not yet performed this analysis, and we believe the fixing of reasonable expenses and fees under § 29-3004 should be done in the first instance by the district court. Accordingly, we do not determine the expenses and fees in this appeal; nor do we direct the district court to award a specific amount upon remand.

Ashford also argues that the specific trial judge in this case has a conflict with Ashford and therefore should not have considered Ashford's application. The trial judge was not asked to recuse himself, and his failure to recuse himself was not assigned as error in this appeal. However, because the trial judge acknowledged in his order denying Ashford's application that he had been named as a defendant in a suit filed by Ashford in federal court, in order to avoid bias or the

appearance of bias, we believe it is prudent that on remand, Ashford's application be assigned to a different judge.

## CONCLUSION

In this appeal of the district court's order denying Ashford's application for attorney fees, we determine that Ashford is the proper appellant and that therefore, this appeal was not abated and no substitution of parties is necessary as a result of Rice's death. The motion for substitution of parties in this court is overruled. We further conclude that because the court appointed Ashford as postconviction counsel, § 29-3004 required the district court to fix reasonable expenses and fees, and that the court abused its discretion when it determined that no fee should be awarded based on the perceived frivolousness of Rice's appeal. We reverse the order of the district court awarding no expenses and fees, and we remand the cause to the district court with directions that the cause be assigned to a different judge to fix reasonable expenses and fees under § 29-3004.

Motion for substitution of parties overruled.

Reversed and remanded with directions.