IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MAGALLANES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ALBERTO C. MAGALLANES, APPELLANT.

Filed February 14, 2017.    No. A-15-1086.

Appeal from the District Court for Douglas County: GARY B. RANDALL, Judge. Affirmed.

Alberto C. Magallanes, pro se.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

MOORE, Chief Judge, and INBODY and PIRTLE, Judges.

MOORE, Chief Judge.

## I. INTRODUCTION

Alberto C. Magallanes appeals from the order of the district court for Douglas County, which denied his amended motion for postconviction relief without an evidentiary hearing. The court also denied Magallanes' request for appointment of counsel. Finding no error in the denial of Magallanes' amended postconviction motion nor any abuse of discretion in the denial of his request for appointment of counsel, we affirm.

## II. BACKGROUND

### 1. CHARGES AND FEDERAL COURT PROCEEDINGS

In November 2009, a deputy with the Douglas County sheriff's office stopped a vehicle driven by Magallanes on Interstate 80, after observing the vehicle momentarily cross the fog line onto the shoulder of the highway at two separate locations, which the deputy believed was a

- 1 -

violation of Neb. Rev. Stat. § 60-6,142 (Reissue 2010) (prohibiting driving on the shoulder of a highway). See *State v. Magallanes*, 284 Neb. 871, 824 N.W.2d 696 (2012), *cert. denied* ___ U.S. ___, 133 S. Ct. 2359, 185 L. Ed. 2d 1082 (2013). The deputy explained why he pulled Magallanes over and asked if Magallanes was "'okay to drive.'" 284 Neb. at 873. Magallanes consented to a search of his vehicle, which revealed several packages of methamphetamine and cocaine in the gasoline tank. *Id.*

On December 22, 2009, the State filed an information in the district court, charging Magallanes with four counts related to the traffic stop. The State subsequently dismissed those charges without prejudice, and an indictment was filed in the U.S. District Court for the District of Nebraska (federal court). In September 2010, the federal court dismissed the federal indictment against Magallanes. See *U.S. v. Magallanes*, 730 F. Supp. 2d 969 (D. Neb. 2010) (concluding that Magallanes' vehicle was not driving on the shoulder in violation of state statute and officer did not have objectively reasonable belief Magallanes violated law). The State then refiled charges against Magallanes in state district court, charging Magallanes with possession with intent to deliver methamphetamine, possession with intent to deliver cocaine, and two counts of failing to affix a drug tax stamp.

2. SUPPRESSION HEARINGS AND CONVICTION IN STATE COURT

After the charges were refiled in state district court, Magallanes filed three separate motions to suppress, all of which were denied by the district court. Because Magallanes asserts claims relating to the hearing on his first motion to suppress in his current postconviction motion, we have described that hearing in greater detail.

At the November 17, 2010 hearing on Magallanes' first motion to suppress, the district court received into evidence a DVD with audio and video from the traffic stop and a transcription of May 2010 proceedings in federal court containing testimony from the deputy who made the traffic stop. In the May 2010 federal court proceedings, the deputy initially testified that his only reason for stopping Magallanes was the traffic violation, but upon cross-examination, he testified that he stopped Magallanes for the traffic violation and for possibly being an impaired driver. Upon the deputy's initial contact with Magallanes, he was able to immediately rule out the possibility of alcohol impairment. At the November 2010 state court suppression hearing, upon the State's request, the court took judicial notice of the state "statutory rules of the road or ordinances." The parties stipulated that Magallanes was the same defendant referred to in the federal court transcription and that if the deputy was called, he would so identify Magallanes.

Magallanes then offered copies of his brief in opposition to the Unites States' objection to findings by the federal magistrate judge, the findings and recommendations of the federal magistrate judge, and the federal district court memorandum and order granting his motion to suppress filed in those proceedings. Magallanes' attorney stated that these exhibits were offered "in support of our argument, not for substantive purposes." When asked if the State had any objections to these exhibits, the prosecutor stated, "I don't believe that they'd be proper for evidence in this matter. But insofar as the Court would review it for argument, I believe it is proper." The court responded that it could not take judicial notice of the records of the federal court, but stated further, "[T]hey're not offered as authority. They're merely offered for the fact

that these were the pleadings that were filed in that [federal court] proceeding." Magallanes' attorney agreed with this assertion. The court then received Magallanes' exhibits and proceeded to hear argument from the parties.

On January 7, 2011, the district court entered an order denying Magallanes' first motion to suppress. The court rejected the federal court's analysis and application of § 60-6,142 and found that regardless of the length of time Magallanes traveled on the shoulder of the highway, because his vehicle crossed over the lane line onto the shoulder, he committed a traffic violation, providing probable cause for the deputy to conduct the traffic stop. The court also found that the deputy had reasonable suspicion to conduct a traffic stop.

On July 29, 2011, a bench trial was held before the district court. The State offered as exhibits the same DVD of the traffic stop and the federal court hearing transcription, as well as transcriptions of the state court hearings on all three of Magallanes' motions to suppress. Magallanes renewed his objections to the evidence "for the reasons contained in [his] motion[s] to suppress," namely, that there was no probable cause for the traffic stop, the search exceeded the scope of his consent, and his consent was not voluntary. The court overruled Magallanes' objections and received the exhibits, after which the State rested. Magallanes again renewed his objections for the reasons found in his motions to suppress and offered the same three exhibits he offered at the hearing on his first motion to suppress. Magallanes offered his exhibits "not as substantive evidence but as persuasion." Under "those parameters," the State had no objection, and the court received Magallanes' exhibits. Magallanes then rested his case. The court found Magallanes guilty of possession with intent to deliver over 140 grams of methamphetamine, possession with intent to deliver over 140 grams of cocaine, and two counts of failure to affix a drug tax stamp.

A sentencing hearing was held before the district court on November 23, 2011. The court sentenced Magallanes to 20 to 40 year' imprisonment for each possession conviction and 1 to 2 years' imprisonment for each conviction for failure to affix a tax stamp, with all terms running concurrently.

### 3. DIRECT APPEAL

On direct appeal, Magallanes was represented by the same counsel as at trial. Magallanes asserted that the district court erred in (1) denying his motion to suppress because the deputy did not have probable cause to stop Magallanes' vehicle, resulting in an illegal seizure and (2) overruling Magallanes' motion to suppress because the evidence obtained during the illegal stop and seizure should have been suppressed as fruit of the poisonous tree. See *State v. Magallanes*, 284 Neb. 871, 824 N.W.2d 696 (2012), *cert. denied* ___ U.S. ___, 133 S. Ct. 2359, 185 L. Ed. 2d 1082 (2013). The Nebraska Supreme Court rejected Magallanes' claims on direct appeal, finding first, "By applying the plain and ordinary meaning of the words in the statute, any crossing of the fog line onto the shoulder constitutes driving on the shoulder and is a violation of § 60-6,142." 284 Neb. at 877. The Supreme Court also found that the deputy had probable cause to conduct a traffic stop of Magallanes' vehicle and that Magallanes' consent was sufficient to allow the search of his vehicle. 284 Neb. at 878. Finally, as a matter of plain error, the Supreme Court found that the evidence was insufficient to support Magallanes' two convictions for failure to affix a tax stamp.

Accordingly, the Court affirmed the judgments and convictions for possession with intent to deliver a controlled substance. However, the Court reversed the judgments of conviction and sentences for failure to affix a tax stamp and remanded with direction to dismiss those two counts.

## 4. FIRST POSTCONVICTION APPEAL

In December 2013, Magallanes mailed a verified motion for postconviction relief, which was inadvertently not filed by the clerk until February 6, 2014. Magallanes also mailed a "Motion for Leave to Amend Motion for Postconviction Relief with Extension of Time of (90) days" and a motion for appointment of counsel, which were not file-stamped until February 12, 2014. Magallanes' pleadings were actually received by the court on or about December 17, 2013. See *State v. Magallanes*, No. A-14-336, 2015 WL 1510677 (Neb. App. Mar. 31, 2015) (not designated for permanent publication) (*State v. Magallanes II*). In his motion for leave to amend, Magallanes requested leave to amend his postconviction motion if it was determined to be necessary upon further review of the record or by counsel in the event his request for appointment of counsel was granted. He asserted that due to the 1-year statute of limitations under Neb. Rev. Stat. § 28-3001 (Reissue 2008) for postconviction actions, it was necessary to file his motion "without having time to argue said claims" and due to limited time allowed "for an inmate to prepare his litigations."

On December 17, 2013, the court entered an order, granting Magallanes leave to proceed in forma pauperis, denying his motion for appointment of counsel, and granting the State 45 days in which to respond to Magallanes' postconviction motion. The court specifically made no ruling on Magallanes' motion for leave to amend. On March 28, 2014, the district court denied Magallanes' postconviction motion, but it did not mention Magallanes' motion for leave to amend.

Magallanes appealed, and this court reversed and remanded with directions to grant the motion for leave to amend. We also reversed the order which denied Magallanes' request for appointment of counsel based upon his original postconviction motion. See *State v. Magallanes II, supra*.

## 5. ADDITIONAL POSTCONVICTION PROCEEDINGS

On May 13, 2015, the district court entered an order on mandate, granting Magallanes 45 days to file an amended postconviction motion. The court withheld ruling on Magallanes' motion to appoint counsel until the court had reviewed his amended motion for postconviction relief.

On June 4, 2015, Magallanes filed his amended motion for postconviction relief. In his amended motion, he alleged that the trial court had erred by (1) not taking judicial notice of the adjudicated facts found in the federal magistrate judge's findings and recommendations and the federal district court memorandum and order granting his motion to suppress that were filed in the federal court proceedings, (2) rehearing and reweighing the evidence with respect to the allegations against him, rather than acting as an intermediate court of appeals and deferring to the federal court's ruling on his suppression motion in the federal case, and (3) denying his motion for mistrial (addressed during his sentencing hearing) without reaching the merits of the motion or allowing him to introduce evidence in support of the motion. Magallanes also alleged that his trial counsel was ineffective during the first suppression hearing in state court for not asking the district court to take judicial notice of the federal court's prior adjudication of his suppression motion and for

- 4 -

not objecting when the district court indicated that it would not be taking judicial notice of the federal court's decision. Finally, Magallanes alleged that his appellate counsel was ineffective on direct appeal for not assigning error with respect to the court's reweighing of the evidence regarding his suppression motion in state court rather than deferring to the federal court's adjudication of his suppression motion in federal court.

On October 30, 2015, Magallanes filed a motion for leave to amend supplemental claims. His additional allegations in that motion were that his convictions and sentences are void because the statute that led to the traffic stop in this case, § 60-6,142, is unconstitutionally overbroad and unconstitutionally vague. Magallanes also alleged that his convictions and sentences are void because the alternative basis for the traffic stop, to check whether a driver whose vehicle inadvertently and momentarily crossed the fog line onto the shoulder of the highway was impaired, was also invalid and unconstitutional.

In an order entered on November 5, 2015, the district court denied all eight of Magallanes' postconviction claims without an evidentiary hearing and also denied his motion for appointment of counsel. The court found that Magallanes' claims of trial court error were all procedurally barred because they either were or could have been litigated on direct appeal. The court found Magallanes' claim of ineffective assistance of trial counsel to be without merit because the trial court did not have the authority to take judicial notice of the prior federal court proceedings, and even if it had such authority, the federal court's decision would not have had any precedential value to the trial court's ultimate decision on suppression. The court also rejected Magallanes' claim of ineffective assistance of appellate counsel, finding that the trial court was not acting as an appellate court or "reweighing the evidence" from the federal court when it addressed Magallanes' motion to suppress in state court. Finally, the court determined that Magallanes' constitutional challenges to § 60-6,142 and the validity of the traffic stop of his vehicle were procedurally barred because they could have been brought on direct appeal.

Magallanes subsequently perfected the present appeal to this court.

### III. ASSIGNMENTS OF ERROR

Magallanes asserts, restated, that the district court erred in (1) denying his amended motion for postconviction relief without an evidentiary hearing and (2) denying his request for appointment of counsel.

### IV. STANDARD OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Starks*, 294 Neb. 361, 883 N.W.2d 310 (2016). In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Dubray*, 294 Neb. 937, 885 N.W.2d 540 (2016). Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law, which an appellate court reviews de novo. *Id.*

Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. *State v. Edwards*, 294 Neb. 1, 880 N.W.2d 642 (2016). When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision. *State v. Edwards, supra*.

## V. ANALYSIS

### 1. DENIAL OF POSTCONVICTION RELIEF

Magallanes asserts that the district court erred in denying his amended motion for postconviction relief without an evidentiary hearing.

### (a) Applicable Law

A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. *State v. Starks, supra*. If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id.* It is fundamental that a motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and could have been litigated on direct appeal. *State v. DeJong*, 292 Neb. 305, 872 N.W.2d 275 (2015).

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant. *State v. Hessler*, 295 Neb. 70, 886 N.W.2d 280 (2016). To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. *State v. Harris*, 294 Neb. 766, 884 N.W.2d 710 (2016). To show prejudice, the defendant must demonstrate reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.*

### (b) Judicial Notice of Federal Court Orders

Magallanes claims that the trial court erred by not taking judicial notice at the first suppression hearing of two federal court orders from the proceedings against him in federal court. In ruling on Magallanes' amended postconviction motion, the district court determined that this claim was procedurally barred because it could have been brought on direct appeal. We agree. Any attempts to raise issues at the postconviction stage that were or could have been raised on direct appeal are procedurally barred. *State v. Dubray*, 294 Neb. 937, 885 N.W.2d 540 (2016). This claim was properly denied without an evidentiary hearing.

Magallanes also claims, however, that his trial counsel was ineffective for not asking the trial court to take judicial notice of these federal court orders during the first suppression hearing in state court and for not objecting when the state district court said that it would not take judicial

notice of the federal court's decision. Because Magallanes was represented by the same counsel at trial and on direct appeal, his first opportunity to bring this claim was in his postconviction action. Although a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, when a defendant was represented both at trial and on direct appeal by the same lawyer, the defendant's first opportunity to assert ineffective assistance of counsel is in a motion for postconviction relief. *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015).

Magallanes' argument with respect to his ineffective assistance of trial counsel claim has more to do with his assertion that the district court should have been bound by the federal court's interpretation of § 60-6,142 than it does with his assertion that the district court should have taken judicial notice of the federal court orders. In the federal proceedings, the federal court found it unreasonable for the deputy to believe that crossing briefly onto the shoulder of the highway constituted driving on the shoulder in violation of § 60-6,142 and thus no probable cause existed to pull over Magallanes' vehicle. See *U.S. v. Magallanes*, 730 F. Supp. 2d 969 (D. Neb. 2010). At the first suppression hearing in state court, Magallanes' trial counsel introduced copies of the findings and recommendations of the federal magistrate judge and the federal court memorandum and order, granting his federal court motion to suppress. The district court received the federal court orders for "argument purposes," but concluded that the federal court's analysis and application of § 60-6,142 was not binding on Nebraska state courts. In ruling on Magallanes' first suppression motion, the district court found that regardless of the length of time or distance Magallanes traveled on the shoulder of the highway, because his vehicle crossed over the lane line onto the shoulder, he committed a violation of § 60-6,142, providing probable cause for the deputy to conduct the traffic stop. On direct appeal, the Nebraska Supreme Court agreed and held that momentarily crossing the fog line onto the shoulder of the highway constituted driving on the shoulder and was a violation of § 60-6,142. *State v. Magallanes*, 284 Neb. 871, 824 N.W.2d 696 (2012), *cert. denied* ___ U.S. ___, 133 S. Ct. 2359, 185 L. Ed. 2d 1082 (2013).

We agree that the federal court's interpretation of § 60-6,142 was not binding precedent with respect to the state district court's ruling on Magallanes' first motion to suppress. The meaning of § 60-6,142 was a matter of state law and Nebraska's state courts are not bound by the decisions of federal courts on such matters. See *Foucha v. Louisiana*, 504 U.S. 71, 96, 112 S. Ct. 1780, 1794, 118 L. Ed. 2d 437 (1992) ("the definition of both crimes and defenses is a matter of state law"); *Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S. Ct. 1881, 1886, 44 L. Ed. 2d 508 (1975) ("state courts are the ultimate expositors of state law"); *State v. Gales*, 269 Neb. 443, 694 N.W.2d 124 (2005) (Nebraska Supreme Court is final arbiter of Nebraska law); *Neal v. Sch. Dist. of York*, 205 Neb. 558, 288 N.W.2d 725 (1980) (state appellate court not bound by federal court's interpretation of state question).

In his claim for ineffective assistance of trial counsel, Magallanes failed to set forth allegations which, if proved, would establish that he is entitled to relief. Because the federal court's interpretation of § 60-6,142, a state law, was not binding precedent on the state district court, Magallanes cannot show a reasonable probability that the result of the proceeding would have been different if at the first suppression hearing, his trial counsel had requested that judicial notice be

taken of the federal court's decision. This claim was properly denied without an evidentiary hearing.

### (c) Trial Court's Role

Magallanes claims that the trial court erred by rehearing and reweighing the evidence with respect to the allegations against him, rather than acting as an intermediate court of appeals and deferring to the federal court's ruling on his suppression motion in the federal case. As with the previous claim of trial court error, this claim could have been raised on direct appeal and is procedurally barred. See *State v. Dubray*, 294 Neb. 937, 885 N.W.2d 540 (2016). This claim was properly denied without an evidentiary hearing.

Magallanes also claims, however, that his appellate counsel, who was the same as his trial counsel, was ineffective for not assigning error on appeal with respect to the state district court's reweighing of the evidence regarding his suppression motion rather than deferring to the federal court's adjudication of his suppression motion. Magallanes appears to argue that with respect to the hearing and ruling on his first suppression motion in state court, the state district court was not a trial court, but rather, an intermediate appellate court, conducting a review of the federal court's decision of his federal court suppression motion. Magallanes' arguments in support of this claim stem from a misunderstanding of the relationship between the proceedings in federal and state court in this case.

It is true that in an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. Pester*, 294 Neb. 995, 885 N.W.2d 713 (2016). It is also true, that in reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. See *State v. Betancourt-Garcia*, 295 Neb. 170, 887 N.W.2d 296 (2016). However, that was not the role of the district court in this case with respect to ruling on Magallanes' first state court motion to suppress. The district court was acting as a trial court. It received evidence in the form of the exhibits offered by the State and by Magallanes and properly considered and weighed that evidence in ruling on Magallanes' first motion to suppress. The district court received copies of the federal court orders for purposes of argument, but as discussed above, those orders were not binding authority upon the district court.

Magallanes cannot show that he was prejudiced by his appellate counsel's alleged deficient performance. There is not a reasonable probability that the result of Magallanes' direct appeal would have been different if his counsel had raised this claim on direct appeal. He has failed to set forth allegations which, if proved, would establish that he is entitled to relief. This claim was properly denied without an evidentiary hearing.

### (d) Remaining Claims

Magallanes' four remaining postconviction claims (one claim of trial court error with respect to his motion for mistrial, two claims challenging the constitutionality of § 60-6,142, and one claim challenging the constitutionality of the alternate basis for the traffic stop-checking for impairment) are all procedurally barred because they were or could have been litigated on direct

appeal. See *State v. Dubray*, 294 Neb. 937, 885 N.W.2d 540 (2016). These claims were properly denied without an evidentiary hearing.

## 2. Denial of Request for Appointment of Counsel

Magallanes asserts that the district court erred in denying his request for appointment of counsel. Under the Nebraska Postconviction Act, whether to appoint counsel to represent the defendant is within the discretion of the trial court. *State v. Rice*, 295 Neb. 241, 888 N.W.2d 159 (2016). When the assigned errors in a postconviction petition before the district court contain no justiciable issues of law or fact, it is not an abuse of discretion to fail to appoint counsel for an indigent defendant. *Id.* As discussed above, Magallanes' amended postconviction motion contained no justiciable issues. Accordingly, the district court did not abuse its discretion by denying his request for appointment of counsel. This assignment of error is without merit.

## VI. CONCLUSION

The district court did not err in denying Magallanes' amended motion for postconviction relief without an evidentiary hearing, nor did it abuse its discretion in denying his request for appointment of counsel.

AFFIRMED.